IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor United States Department of Labor<br><br>    Plaintiff,<br>v.<br><br>CRATER LAKE OF MEDFORD, Inc., a corporation;  SONG, Inc., a corporation; SUE LI, an individual; and LI DONG LIN, an individual.<br><br>    Defendants | Civil No. 06-00156-CO<br><br>Findings and Recommendations |

COONEY, Magistrate Judge.

    Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action pursuant to the Fair Labor Standards Act of 1938 (FLSA), as amended (29 U.S.C. § 201 *et seq*.) alleging that Defendants willfully violated the FLSA by employing employees at wages less than the federal minimum hourly rate and by not compensating the employees for work performed in excess of forty hours per week at a level equal to or in excess of one and one-half times the employees' regular hourly rate. (Comp. ¶¶ VII, VIII).  Plaintiff also alleges Defendants violated the FLSA by failing to make, keep, and preserve records of the persons employed by Defendants and of the wages, hours, and other conditions and practices of employment maintained by Defendants.

FINDINGS AND RECOMMENDATIONS - Page 1

(Comp. ¶ IX). Plaintiff seeks money damages, liquidated damages, pre-judgment interest, and injunctive relief. (Comp. at 5-6).

## I. BACKGROUND

Plaintiff filed this action on February 2, 2006. (Docket #1). On February 24, 2006, Defendants filed a Fed. R. Civ. P. 26(a)(1) agreement. (Docket #5). Plaintiffs filed a waiver of summons on March 9, 2006 that was acknowledged February 24, 2006. (Docket #6).

Defendant Sue Li does not speak English well, and since approximately February 2006 has relied on her daughter, Jennifer Lin, to help facilitate communication with respect to the present case. (Dec. of Anne Denecke, April 5, 2006, #10; Def. Mot. to Set Aside Entry of Default, #34). In February, Ms. Li told Ms. Denecke, in what was to be their final direct communication, that she had relocated to Boston, Massachusetts to live with her daughter, Jennifer Lin. (Dec. of Anne Denecke, April 5, 2006; #10). During that conversation, Ms. Li expressed her preference for counsel in her same general area and named Gregory Manousos as her new counsel. (Id.) The next communication with Ms. Denecke came March 8, 2006 by way of email from Ms. Lin requesting Ms. Denecke transfer her case file to Mr. Manousos and Daniel S. Field. (Id.) Afterward, Mr. Manousos contacted Ms. Denecke by email and phone, because Ms. Li did not follow up with him. (Id.) Ms. Denecke's subsequent emails and phone calls to Ms. Li went unanswered. (Id.)

On April 5, 2006, Defendant's counsel, Ms. Anne Denecke filed a motion to withdraw as counsel for Defendants Song, Inc. and Sue Li because Ms. Li remained incommunicado with Ms. Denecke and a fee owing to Ms. Denecke extended beyond ninety days past due. (Docket #10).

FINDINGS AND RECOMMENDATIONS - Page 2

This motion was held in abeyance and denied. (Docket #12 & #16).

On April 12, 2006, Plaintiff's counsel received a call from a woman identifying herself as Jennifer Lin who provided a mailing address in Pawtucket, Rhode Island and who told Plaintiff's counsel that Ms. Li would represent herself. (Dec. of Bruce Brown, May 16, 2006, #24). The same day, Plaintiff's counsel mailed two copies of a letter, one by registered mail and the second by first class mail, to the Pawtucket, Rhode Island address. (Id.) The letters notified Ms. Li that her answer had been due by April 10, 2006, but that she had until April 21, 2006 to file an answer before Plaintiff would move for default. (Id.) Although the registered letter was not signed for until May 5, 2006, both letters were delivered. (Dec. of Bruce Brown, May 31, 2006, #36). Neither Ms. Li nor Song, Inc. filed an answer to the complaint within the time prescribed, and the clerk entered default against Song, Inc. and Sue Li on May 17, 2006. (Docket #29).

On May 9, 2006, Ms. Denecke provided the Court with a supplemental declaration. (Docket #19). In a minute order dated May 10, 2006, the court granted the motion to withdraw. (Docket #20). In that minute order, the Court directed the clerk to send a copy of the order certified mail to Ms. Li and the minute order also informed Ms. Li that she could represent her self *pro se*, but that she could not represent Song, Inc. (Id.).

On May 16, 2006, Plaintiff filed an application for entry of default (Docket #23) and an amended motion for entry of default (Docket #25). On May 17, 2006, the clerk granted entry of default against Defendants Song, Inc. and Sue Li. (Docket #29).

On May 22, 2006, Plaintiff moved for default judgment as to Defendants Song, Inc. and Sue

FINDINGS AND RECOMMENDATIONS - Page 3

Li. (Docket #32). On May 24, 2006, Defendant Sue Li moved to set aside the entry of default against her. (Docket #34).

In support of her motion to set aside entry of default, Ms. Li's affidavit explains that she "did not answer the summons and complaint in this lawsuit because [illegible text] assist me in light of the language barrier." (Docket #34).[1] Ms. Li contends that she did not receive the complaint until April 17, 2006 and when she did, she misunderstood the phrase "file an answer" to mean "give a response." (Id.) Ms. Li further contends her daughter Ms. Lin misunderstood the Clerk of the Court as saying the Court would "mail her form(s) where she could properly file an answer." (Id.) Ms. Li discovered her misunderstanding on receipt of Plaintiff's motion for default judgment on May 19, 2006. (Id.) Ms. Li contends that she has been responsive to the complaint and since taking on representing herself, has diligently followed instructions and made herself available, notwithstanding that she has misunderstood some of the procedural rules. (Id.) Further, Ms. Li contends that she has valid defenses to the suit including proof that she has paid her employees, that she did not violate the minimum wage law but instead exceeded the compensation levels required, that she did not violate any requirement for payment of overtime, and that she was not delinquent in making payments. (Id.) Ms. Li contends still further that some of Plaintiff's witnesses will testify on her behalf, to wit: that Plaintiff enticed some witnesses with promises of large sums of money and that some will testify they were paid all wages owed. (Id.)

In contrast, Plaintiff presents evidence suggesting that Ms. Li pressured some of the witnesses to lie to Plaintiff's investigators, threatened others if they did not sign statements

---

[1] On July 3, 2006, the Court ordered Ms. Li to file an amended copy of her motion to set aside entry of default because part of page two of the motion as filed is illegible. (Docket #46). As of July 26, 2006, Ms. Li has not complied with the order.

FINDINGS AND RECOMMENDATIONS - Page 4

absolving Defendants from liability, and forged employee signatures submitted to Plaintiff. (Dec. Karen Clark, #37).

## II. DISCUSSION

A. MOTION TO SET ASIDE ENTRY OF DEFAULT

Entry of default may be set aside, according to Fed. R. Civ. P. 55(c), which states

> For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Setting aside entry of default "for good cause" under Fed. R. Civ. P. 55(c) is governed by the same standard as vacating a default judgment under Fed. R. Civ. P. 60(b). Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004) citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). A district court has discretion whether to grant or deny a motion to set aside entry of default. American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1109 (9th Cir. 2000). Under Fed. R. Civ. P. 60(b), excusable neglect provides one basis for vacating a default judgment. Id. at 1108. Interpreting "'neglect' as 'negligence' ... the determination of [what sorts will be excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The Court considers the following factors:

>  (1) the danger of prejudice to the [defaulting party],
>  (2) the length of the delay and its potential impact on judicial proceedings,
>  (3) the reason for the delay, including whether it was within the reasonable control of the movant, and
>  (4) whether the movant acted in good faith. Id.

The Court may deny a motion to set aside entry of default if any one of the following circumstances is met:

> (1) the [non-defaulting party] would be prejudiced if the [entry of default] is set aside,
> (2) [the defaulting party] has no meritorious defense, or
> (3) the [defaulting party's] culpable conduct led to the default." Hayhurst, 227 F.3d at 1108.

In Briones, a *pro se* plaintiff failed to timely respond to a motion to dismiss, and judgment was entered against him. Briones, 116 F.3d at 380. Three and one-half months after the filing deadline, the plaintiff argued his failure to timely file a response constituted excusable neglect because he failed to notify his translator (the plaintiff was not proficient at English) and typist of the deadline for filing opposition to the motion. Id. In view of the *pro se* plaintiff's difficulty with English, the Ninth Circuit reversed the district court's denial of the plaintiff's motion to set aside default judgment. Id. The court also stated, "it is not apparent that [plaintiff's] failure to respond to the motion resulted only from a failure to read and attempt to follow court rules." Id.

Ms. Li asserts that her move to the east coast and her difficulty with English contributed to her failure to answer. Ms. Li relies on a translator, and asserts that communication difficulties arose. Ms. Li also offers evidence that she diligently worked to "follow the rules" once she had actual notice of the complaint. Further, Ms. Li also offers evidence of a meritorious defense to the claims against her.

The policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The delay caused by Ms. Li's neglect was short lived, and Ms. Li claims to have made best efforts to be responsive to this action since she received actual notice. While Plaintiff offers evidence of bad faith that includes allegations of

FINDINGS AND RECOMMENDATIONS - Page 6

witness coercion, Ms. Li offers evidence of a defense to Plaintiff's claims. To the extent Ms. Li's defense is meritorious and in view of the amount in controversy, she would be significantly prejudiced if the Court did not set aside the default. On balance, and in view of the strong preference for decisions on the merits, the Court finds that Defendant's motion to set aside entry of default should be granted as to Defendant Sue Li.

The Court notes that Ms. Li's motion only extends to her because Defendant Song, Inc., as ordered on docket entry #20, requires representation by counsel.

B. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The decision to grant or deny a motion for default judgment is within the sound discretion of the court. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858 (1989); Eitel, 782 F.2d at 1471-72. Factors which may be considered in exercising discretion as to the entry of default judgment include: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72. Default judgments are ordinarily disfavored, and cases should be decided on the merits whenever possible. Id. at 1472; see also Kocenko v. Buskirk, 56 F.R.D. 14, 16 (E.D. Pa. 1972). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." Exquisite Form Indus., Inc. v. Exquisite Fabrics of London, 378 F. Supp. 403, 416 (S.D.N.Y. 1974).

FINDINGS AND RECOMMENDATIONS - Page 7

The Ninth Circuit has stated:

> The leading case on the subject of default judgments in actions involving multiple defendants is Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552 [] (1872). The Court held in Frow that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. Id. at 554. It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants. Id.

In re First T.D. & Inv., Inc., 253 F.3d 520, 532 & n.10 (9th Cir. 2001). The Ninth Circuit followed the Eleventh Circuit in holding that the Frow rule applies to defendants who are similarly situated, even if not jointly and severally liable. Id. Although some courts have found the rule of Frow inapplicable after the enactment of Rule 54(b), courts still enforce the rule where the risk of inconsistent adjudications exists. See In re Uranium Antitrust Litig., 617 F.2d 1248 (7th Cir. 1980); Martin v. Coughlin, 895 F. Supp. 39 (N.D.N.Y. 1995).

Because Defendant's motion to set aside entry of default should be granted, Plaintiff's motion for default judgment as to Ms. Li is moot.

The Court finds that an entry of default judgment against defendant Song, Inc. would be premature at this time in view of the risk of inconsistent adjudications between the co-defendants in this case. Therefore, the Court recommends that Plaintiff's motion for entry of default judgment be denied.

The Court notes that the entry of default against Song, Inc. remains.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that (1) Defendant Sue Li's motion to set aside entry of default (Docket #34) be granted; (2) Plaintiff's motion for default judgment (Docket #32)

be denied as moot as to Defendant Sue Li and be denied as premature as to Defendant Song, Inc..

*<u>This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals</u>*.  **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *<u>The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten days within which to file a response to the objections</u>*.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this <u>31</u> day of July, 2006.

_____/s/_____  _____
John P. Cooney
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATIONS - Page 9