IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CRATER LAKE OF MEDFORD Inc, *et al*,<br><br>　　　　　Defendants. | 1:06-CV.156—PA<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

　　　This matter came before the Court for trial on May 1, 2007. After considering the pleadings, the evidence, and the arguments presented, the Court makes the following findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
*Chao v. Crater Lake of Medford, et al, 06-CV-156-PA* Page 1 of 6

113

## FINDINGS OF FACT:

1. Defendants Crater Lake of Medford, Inc. and Song, Inc., are defunct Oregon corporations, both formerly doing business as the Tin Tin Buffet in Medford, Oregon, within the jurisdiction of this Court;

2. Defendant Sue Li was the owner of Song, Inc. She established wages and payroll practices for the Tin Tin Buffet, and had authority to hire and fire employees. As a result, she was, at all relevant times, an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the Act);

3. Defendant Li Dong Lin was the kitchen manager of the Tin Tin Buffet. He set work schedules for employees, supervised their daily work, and hired and fired kitchen staff. As a result, he was, at all relevant times, an employer within the meaning of the Act;

4. Although neither Defendant appeared for the trial in this matter, the Court finds that Plaintiff took all reasonable steps to insure that Defendants had notice of the trial date, including service by publication, and those steps set out in the Declaration of Robert Rarus (DN 39) and in the Declaration of Counsel attached to Plaintiff's Trial Brief (DN 43);

5. In light of the fact that Defendants were properly served with the Complaint in this matter, the Court finds that Defendants voluntarily absented themselves from the proceedings;

6. The Tin Tin Buffet had, at all relevant times, annual gross volume of sales made or business done of over $500,000.

7. Defendants' employees worked on goods or materials that have been moved in interstate commerce, including restaurant equipment and goods purchased from outside the State of Oregon.

8. As a result of Findings 6 and 7 above, Defendants' business, the Tin Tin Buffet was, at all relevant times, an enterprise engaged in commerce within the meaning of the Act;

9. Defendants' employees regularly worked more than 40 hours in a work week without being compensated at the required overtime rates;

10. Defendants did not provide any compensation to wait staff other than any tips that customers left for the staff;

11. Defendants paid kitchen staff and dishwashers a flat monthly salary regardless of hours worked;

12. As a result of Defendants' payroll practices described above, many employees were not compensated at a rate equal to at least the required hourly minimum wage;

13. Defendants' payroll records did not accurately reflect actual hours worked by and compensation paid to employees, and did not show all employees who worked at the business during the relevant time;

14. The evidence supports a finding that Defendants were aware of their obligations under the Act and that they willfully violated the provisions of the Act;

15.     Plaintiff's calculations of back wages due are consistent with the employee testimony and with Departmental policy, and the totals as set forth in the simultaneously filed Judgment in this matter reflect a reasonable inference from the testimony.

## CONCLUSIONS OF LAW

1.     This Court has jurisdiction of this civil action and proceeding under Sections 16(c) and 17 of the Act, and 28 U.S.C. §§ 1331 and 1345;

2.     At all material times the Tin Tin Buffet was an "enterprise" within the meaning of Section 3(r) of the Act, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the Act;

3.     Defendants were, at all material times, employers of the affected employees, for purposes of the FLSA;

4.     The provisions of Section 6 (minimum wage), Section 7 (overtime pay) and Section 11 (regarding recordkeeping) of the FLSA were at all material times applicable to the affected employees;

5.     Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed;

6.     Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for

commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage;

7. Plaintiff's back wage calculations, as set forth in the simultaneously filed Judgment, are a "just and reasonable inference" from the evidence within the meaning of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S. Ct. 1187, 90 L .Ed. 1515 (1946);

8. Section 16(b) of the Act provides that "any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Once Plaintiff establishes liability for unpaid overtime, "liquidated damages are mandatory." See E.E.O.C. v. First Citizens Bank of Billings, 758 F.2d 397, 403 (9th Cir.) cert. den., 474 U.S. 902 (1985), overruled in part on other grounds, McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988). The employer has the burden of establishing both subjective and objective good faith in its violations of the FLSA to avoid the imposition of liquidated damages. Local 246 Utility Workers Union of America v. Southern California Edison Co., 83 F.3d 292, 297-98 (9th Cir.1996);

9. Because the Defendants have not established that they acted in good faith in committing the violations noted above, liquidated damages are appropriate;

10. Defendants are jointly and severally liable for the back wages and liquidated damages set forth below; and

11. Defendants repeatedly violated the provisions of sections 11 and 15(a)(5) of the Act (29 U.S.C. §§ 211 and 215(a)(5)) by failing to make, keep, and preserve records of the persons employed by Defendants, and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by the Act.

DATED this ___7___ day of ___May___, 2007.

_____
HONORABLE OWEN M. PANNER
United States District Court Judge

Presented by:
**UNITED STATES DEPT. OF LABOR**

    JONATHAN L. SNARE
    Acting Solicitor of Labor

    LAWRENCE BREWSTER
    Regional Solicitor

    JAY WILLIAMSON
    Acting Associate Regional Solicitor

    BRUCE L. BROWN
    Trial Attorney


    By  /s Bruce L. Brown
    BRUCE L. BROWN
    Trial Attorney